FILED - GR
September 10, 2026 2:11 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:ARR SCANNED BY: AR / 9.11



# UNITED STATES DISTRICT COURT

for the

Western District of Michigan

Southern Division

ROOSEVELT LASHAWN WILLIAMS

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

PEOPLE OF THE STATE OF MICHIGAN

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. **1:26-cv-2550**
**Jane M. Beckering**
**U.S. District Judge**

Jury Trial: *(check one)* ☐ Yes ☑ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | ROOSEVELT LASHAWN WILLIAMS |
| Street Address | c/o 554 Boynton AVE |
| City and County | BENTON HARBOR COUNTY OF BERRIEN |
| State and Zip Code | Mi (49022) Under Necessity |
| Telephone Number | (269) 849-6112 |
| E-mail Address | kingwilliams1124@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | PEOPLE OF THE STATE OF MICHIGAN |
| Job or Title *(if known)* | |
| Street Address | 525 WEST OTTAWA STREET P.O BOX 30212 |
| City and County | LANSING INGAM COUNTY |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ______________________, is a citizen of the State of *(name)* ______________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ______________________, is a citizen of the State of *(name)* ______________________. Or is a citizen of *(foreign nation)* ______________________.

b. If the defendant is a corporation

The defendant, *(name)* ________________, is incorporated under the laws of the State of *(name)* ________________, and has its principal place of business in the State of *(name)* ________________.

Or is incorporated under the laws of *(foreign nation)* ________________, and has its principal place of business in *(name)* ________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

PLEASE SEE ATTACHED

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: September 8, 2026

Signature of Plaintiff S/ ROOSEVELT LASHAWN WILLIAMS U.C.C §1-308

Printed Name of Plaintiff ROOSEVELT LASHAWN WILLIAMS

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



Print Save As... Add Attachment Reset

# UNITED STATES DISTRICT COURT

**WESTERN DISTRICT OF MICHIGAN**

**ROOSEVELT LASHAWN WILLIAMS, Plaintiff**

Case No.: ____________________

Honorable Judge: ____________________

v.

**PEOPLE OF THE STATE OF MICHIGAN, Defendant(s)**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## TABLE OF CONTENTS

I. INTRODUCTION .......... 6
II. JURISDICTION AND VENUE .......... 7
III. PARTIES .......... 8
IV. FACTUAL ALLEGATIONS SUPPORTING STANDING AND INJURY .......... 9
V. VIOLATION OF PRIVACY BY THE SEX OFFENDER REGISTRATION ACT .......... 10
VI. DISCRIMINATION AND DENIAL OF EQUAL PROTECTION .......... 23
VII. DEPRIVATION OF LIFE, LIBERTY, AND PROPERTY WITHOUT DUE PROCESS .......... 24
VIII. DOUBLE JEOPARDY AND MULTIPLE PUNISHMENT .......... 27
IX. LEGAL ARGUMENT .......... 30
X. CLAIMS FOR RELIEF AND PRAYER FOR RELIEF .......... 31
- A. Declaratory Relief .......... 31
- B. Injunctive Relief .......... 31
- C. Attorney Fees and Costs .......... 32
- D. Additional Relief .......... 32

# TABLE OF AUTHORITIES


| Authority | Section Referenced |
|---|---|
| Hale v. Henkel, 201 U.S. 43 (1906) | V |
| NAACP v. Alabama ex rel. Patterson, 357 U.S. 449 (1958) | V |
| Griswold v. Connecticut, 381 U.S. 479 (1965) | V |
| Katz v. United States, 389 U.S. 347 (1967) | V |
| Whalen v. Roe, 429 U.S. 589 (1977) | V |
| Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562 (1977) | V |
| Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989) | V |
| United States Department of Defense v. Federal Labor Relations Authority, 510 U.S. 487 (1994) | V |
| National Archives and Records Administration v. Favish, 541 U.S. 157 (2004) | V |
| Riley v. California, 573 U.S. 373 (2014) | V |
| Carpenter v. United States, 585 U.S. 296 (2018) | V |
| Village of Willowbrook v. Olech, 528 U.S. 562 (2000) | VI |
| City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432 (1985) | VI |
| Connecticut Department of Public Safety v. Doe, 538 U.S. 1 (2003) | VI |
| Mathews v. Eldridge, 424 U.S. 319 (1976) | VII |
| Wisconsin v. Constantineau, 400 U.S. 433 (1971) | VII |
| Paul v. Davis, 424 U.S. 693 (1976) | VII |
| Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963) | VIII |
| Hudson v. United States, 522 U.S. 93 (1997) | VIII |
| Smith v. Doe, 538 U.S. 84 (2003) | VIII |
| Kansas v. Hendricks, 521 U.S. 346 (1997) | VIII |

| | |
|---|---|
| **People v. Betts, 507 Mich. 527 (2021)** | VIII |
| **Does #1–5 v. Snyder, 834 F.3d 696 (6th Cir. 2016)** | VIII |


**Constitutional Provisions, Statutes, and Rules**


| Authority | Section Referenced |
|---|---|
| **U.S. Const. amend. I** | V |
| **U.S. Const. amend. III** | V |
| **U.S. Const. amend. IV** | V |
| **U.S. Const. amend. V** | V, VII, VIII |
| **U.S. Const. amend. IX** | V |
| **U.S. Const. amend. XIV** | I, V, VI, VII, VIII |
| **Mich. Const. art. I, § 2** | VI |
| **Mich. Const. art. I, § 11** | V |
| **Mich. Const. art. I, §§ 15, 16, 17** | VII, VIII |
| **MCL § 28.721 et seq.** | I, III, V, VI, X |
| **MCL § 28.725** | VII |
| **MCL § 28.728** | I, IV, V, VI, VII |
| **MCL § 28.729** | IV, VI, VII |
| **28 U.S.C. § 1331** | II |
| **28 U.S.C. § 1343(a)(3)** | II |
| **28 U.S.C. § 1367(a)** | II |
| **28 U.S.C. §§ 2201 and 2202** | II, IX |
| **42 U.S.C. § 1983** | I, II, III, V, IX |
| **42 U.S.C. § 1988** | X |
| **Fed. R. Civ. P. 5.1** | Notice |
| **Fed. R. Civ. P. 57** | II, IX |
| **Fed. R. Civ. P. 65** | II, IX |

U.S. DISTRICT COURT
FOR THE
WESTERN DISTRICT OF MICHIGAN

ROOSEVELT LASHAWN WILLIAMS
PLAINTIFF

v.

HONORABLE JUDGE: ______________
CASE NO. : ________________________

PEOPLE OF THE STATE OF MICHIGAN
DEFENDANT(S)

________________________________/

Federal Question Jurisdiction (28 U.S.C. § 1331): Grants federal district courts original jurisdiction over all civil actions that arise under the U.S. Constitution, federal laws, or treaties. This is the primary statute used to challenge state laws for violating constitutional principles like the Supremacy Clause or the Commerce Clause. Civil Rights Jurisdiction (28 U.S.C. § 1343): Grants federal courts jurisdiction to hear lawsuits seeking to stop the deprivation of constitutional rights under "color of state law"

## *I. INTRODUCTION*

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of the Michigan Sex Offenders Registration Act ("SORA"), MCL § 28.721 et seq., as applied to Plaintiff and on its face.

SORA requires Plaintiff, under threat of criminal penalty, to disclose private personal information to state authorities, including residential address information, employment information, vehicle information, physical identifiers, and online identifiers.

Defendant(s) collect, maintain, and publish Plaintiff's personal information on a publicly searchable internet registry pursuant to SORA, including MCL § 28.728, without an individualized judicial finding that Plaintiff currently presents a public safety risk.

Plaintiff seeks declaratory and injunctive relief to protect Plaintiff's rights to informational privacy, spatial privacy, family privacy, liberty, and due process under the Fourteenth Amendment to the United States Constitution and Article I, Sections 11 and 17 of the Michigan Constitution.

## *II. JURISDICTION AND VENUE*

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), because this action arises under the Constitution and laws of the United States, including the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

This Court has supplemental jurisdiction over Plaintiff's state constitutional claims pursuant to 28 U.S.C. § 1367(a), because those claims arise from the same case or controversy as Plaintiff's federal constitutional claims.

This Court is authorized to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

This Court has personal jurisdiction over Defendant(s) because Defendant(s) are state and/or local officials who enforce the Michigan Sex Offenders Registration Act, MCL § 28.721 et seq., within the State of Michigan.

Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events, omissions, and ongoing constitutional deprivations giving rise to Plaintiff's claims occurred and continue to occur within this District

## *III. PARTIES*

Plaintiff Roosevelt Lashawn Williams is an individual and citizen of the United States residing in Michigan. Plaintiff is currently registered under the Michigan Sex Offenders Registration Act ("SORA"), MCL § 28.721 et seq., and is subject to its mandatory reporting obligations, in-person registration requirements, and public online dissemination of personal data.

Defendant People of the State of Michigan is named as Defendant in this action and is alleged to be responsible for the enforcement, maintenance, and operation of the challenged statutory scheme through state officers, agencies, and officials acting under color of state law.

At all times relevant to this Complaint, Defendant(s), through their officers, agents, employees, and officials, acted under color of state law within the meaning of 42 U.S.C. § 1983.

## *IV. FACTUAL ALLEGATIONS SUPPORTING STANDING AND INJURY*

Plaintiff is currently registered under SORA and must continuously comply with its requirements under threat of criminal penalty, including the penalties set forth in MCL § 28.729.

Under SORA, Plaintiff is required to report highly personal information, including residential address information, temporary lodging information, employer information, vehicle information, telephone numbers, electronic mail addresses, and online identifiers.

Defendant(s) collect, maintain, and publish Plaintiff's sensitive personal information on a publicly searchable internet registry pursuant to SORA, including MCL § 28.728.

SORA mandates public disclosure without providing Plaintiff an individualized judicial hearing, risk assessment, or finding that Plaintiff currently presents a safety risk to the public.

The public internet publication of Plaintiff's private information has caused and continues to cause concrete injuries, including housing instability, interference with employment opportunities, severe stigma, loss of privacy, and threats to personal safety.

Plaintiff's injuries are actual, ongoing, and directly traceable to Defendant(s)' enforcement of SORA, and those injuries would be redressed by declaratory and injunctive relief prohibiting further enforcement against Plaintiff and requiring removal of Plaintiff's private information from the public registry.

## *V. VIOLATION OF PRIVACY BY THE SEX OFFENDER REGISTRATION ACT*

### *PUBLISHING RIGHTS / NON-CONSENT ISSUE:*

Non-Consent Publication: Plaintiff alleges that SORA violates Plaintiff's publishing rights because it posts and disseminates Plaintiff's information without the consent of the published individual, and Plaintiff alleges that United States Supreme Court precedent has established protections concerning compelled disclosure and publication of personal information.

No Knowing or Willing Consent: Plaintiff has not knowingly or willingly consented to having Plaintiff's personal information, including but not limited to Plaintiff's asserted intellectual property, posted, printed, republished, disseminated, or otherwise made publicly available in any shape, form, or fashion whatsoever.

Revocation of Implied Consent: Plaintiff hereby gives due and sufficient notice that any and all implied, assumed, presumed, or otherwise asserted consent to print, repost, publish, disseminate, or engage in conduct of a similar nature is hereby revoked, cancelled, and denied.

Notice to Cease and Desist: Pursuant to all applicable laws, Plaintiff hereby gives notice to cease and desist from the nonconsensual publication, republication, dissemination, or continued public display of Plaintiff's personal information and asserted intellectual property.

Legal Impact of Non-Consent Publication: Plaintiff alleges that nonconsensual publication of Plaintiff's personal information creates a continuing privacy injury because it publicly exposes identifying information, increases stigma, interferes with employment and housing opportunities, and places Plaintiff's personal information into public circulation without Plaintiff's voluntary authorization.

Plaintiff relies on **NAACP v. Alabama ex rel. Patterson, 357 U.S. 449 (1958)**, for the principle that compelled disclosure of private identifying information may burden constitutional rights where disclosure exposes individuals to public hostility, economic reprisal, loss of employment, or other concrete harms.

Plaintiff relies on **Whalen v. Roe, 429 U.S. 589 (1977)**, for the principle that the Constitution recognizes an individual interest in avoiding disclosure of personal matters, and Plaintiff alleges that SORA's public registry publication burdens that privacy interest.

Plaintiff relies on **United States Department of Defense v. Federal Labor Relations Authority, 510 U.S. 487 (1994)**, for the principle that individuals have a substantial privacy interest in their home addresses and identifying information, and Plaintiff alleges that SORA's public posting of residential information invades that interest.

Plaintiff relies on **Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562 (1977)**, for the principle that the First and Fourteenth Amendments do not automatically immunize nonconsensual use or broadcast of protected personal or property interests, and Plaintiff alleges that SORA's publication of Plaintiff's identifying information and asserted intellectual property causes continuing injury.

Plaintiff further alleges that **Riley v. California, 573 U.S. 373 (2014)**, and **Carpenter v. United States, 585 U.S. 296 (2018)**, support the principle that modern privacy analysis must account for the volume, detail, permanence, and accessibility of digital information, including information made available through a publicly searchable registry.

Legal Basis for Publishing Rights Claim: Plaintiff alleges that the legal basis for the publishing-rights claim arises from constitutional protections against compelled disclosure, compelled exposure of private identifying information, unreasonable government intrusion into personal information, and nonconsensual use or public display of personal information and asserted property interests.

Plaintiff alleges that compelled publication of personal information differs from ordinary government recordkeeping because SORA places Plaintiff's identifying information into a publicly searchable internet database, making the information widely accessible to employers, landlords, neighbors, private citizens, and the general public.

Plaintiff relies on **NAACP v. Alabama ex rel. Patterson, 357 U.S. 449 (1958)**, for the principle that compelled disclosure of identifying information may violate constitutional protections when disclosure exposes individuals to public hostility, economic reprisal, loss of employment, or other harms.

Plaintiff relies on **Whalen v. Roe, 429 U.S. 589 (1977)**, for the principle that the

Constitution recognizes an individual interest in avoiding disclosure of personal matters and that government collection of personal data raises privacy concerns.

Plaintiff relies on **United States Department of Defense v. Federal Labor Relations Authority, 510 U.S. 487 (1994)**, for the principle that individuals have a substantial privacy interest in their home addresses and identifying information.

Plaintiff relies on **Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989)**, for the principle that information collected and compiled by the government may implicate personal privacy interests when disclosure reveals practical details about a person's life.

Plaintiff relies on **National Archives and Records Administration v. Favish, 541 U.S. 157 (2004)**, for the principle that personal privacy interests may include protection against unwarranted public disclosure of identifying or personal information held by the government.

Plaintiff relies on **Florida Star v. B.J.F., 491 U.S. 524 (1989)**, and **Cox Broadcasting Corp. v. Cohn, 420 U.S. 469 (1975)**, to show that the Supreme Court has addressed conflicts between publication of personal information, public records, and privacy interests, and Plaintiff alleges that SORA differs because the State itself compels and maintains ongoing publication of Plaintiff's identifying information.

Plaintiff relies on **Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562 (1977)**, for the principle that the Constitution does not automatically protect every nonconsensual publication or broadcast of protected personal or property interests against liability or constitutional challenge.

Plaintiff further alleges that the absence of knowing, willing, and voluntary consent strengthens Plaintiff's privacy, due process, and publishing-rights claims because the publication is compelled by statute and enforced through state authority rather than by Plaintiff's voluntary act.

**Deprivation of Fundamental Right to Informational Privacy**
**(Fourteenth Amendment to the United States Constitution – 42 U.S.C. § 1983; Mich. Const. Art. I, § 17)**

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 17 of the Michigan Constitution protect individual liberty, including the fundamental right to informational privacy—specifically, the right to prevent non-consensual public disclosure of highly personal, sensitive, and intimate information.

The Michigan Sex Offenders Registration Act (MCL § 28.721 et seq.) infringes upon this fundamental right by mandating the ongoing collection and internet publishing of private personal data—including residential addresses, employment details, vehicle information, physical identifiers, and online identifiers—to an unrestricted public database.

The compulsory, public dissemination of this granular information goes beyond law enforcement necessity and exposes Plaintiff to private harassment, housing instability, economic loss, and threats to personal safety, with no individualized showing of risk or dangerousness.

SORA's public disclosure mandates are not narrowly tailored to serve a compelling state interest, nor do they pass rational basis review under the Substantive Due Process guarantee.

**Violation of Liberty and Autonomy Interests (Stigma-Plus Claim)**
**(Fourteenth Amendment to the United States Constitution – 42 U.S.C. § 1983; Mich. Const. Art. I, § 17)**

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

Under the Fourteenth Amendment and Article I, Section 17 of the Michigan Constitution, the state cannot damage an individual's reputation in tandem with altering or extinguishing a legal status or right without due process of law.

SORA imposes a defamatory public label ("sex offender") through its public internet registry, combined with severe affirmative legal burdens, including mandatory in-person reporting obligations (MCL § 28.725a) and geographic/residency restrictions.

By combining public stigmatization with tangible, state-enforced legal restrictions on

Plaintiff's movement, privacy, and living conditions, SORA deprives Plaintiff of protected liberty interests without procedural or substantive due process.

**Unconstitutional Intrusion on Family and Spatial Privacy**
**(Fourteenth Amendment to the United States Constitution – 42 U.S.C. § 1983; Mich. Const. Art. I, §§ 11, 17)**

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

The Fourteenth Amendment and Michigan Constitution protect spatial and domestic privacy, including the sanctity of the home, family life, and intimate personal relationships.

SORA interferes with Plaintiff's spatial and family privacy by requiring Plaintiff to report changes in residence, temporary lodging, cohabitants, and routine travel to state law enforcement, while exposing Plaintiff's household address to public inspection.

These mandates force Plaintiff's family members and cohabitants to forfeit their own reasonable expectations of privacy in their private residence, subjecting the household to public scrutiny and law enforcement oversight without an individualized warrant or judicial finding.

Plaintiff alleges that the Michigan Sex Offenders Registration Act ("SORA"), MCL § 28.721 et seq., violates Plaintiff's constitutional privacy rights by requiring Plaintiff to disclose sensitive personal information and by requiring Defendant(s) to publish that information on a publicly searchable internet registry, including under MCL § 28.728.

The United States Supreme Court has recognized a constitutional interest in avoiding disclosure of personal matters. In **Whalen v. Roe, 429 U.S. 589 (1977)**, the Court recognized that privacy includes an individual interest in avoiding disclosure of personal information, even while addressing a state recordkeeping program. Plaintiff relies on Whalen to support the allegation that compelled collection and publication of highly personal information triggers constitutional privacy concerns.

In **NASA v. Nelson, 562 U.S. 134 (2011)**, the Supreme Court again addressed informational privacy in the context of government collection of personal information and assumed, without deciding, that a constitutional privacy interest may protect against certain disclosures of personal information. Plaintiff relies on NASA v. Nelson to support the allegation that government collection and dissemination of personal data must be accompanied by constitutionally adequate safeguards.

In **United States Department of Defense v. Federal Labor Relations Authority, 510 U.S. 487 (1994)**, the Supreme Court recognized a substantial privacy interest in home addresses, supporting Plaintiff's allegation that compelled public publication of Plaintiff's residential address invades protected privacy interests. Plaintiff alleges that SORA's publication of residential address information is especially intrusive because it exposes the home and household to unrestricted public access.

Plaintiff further alleges that **Riley v. California, 573 U.S. 373 (2014)**, and **Carpenter v. United States, 585 U.S. 296 (2018)**, confirm that modern constitutional privacy protections must account for the breadth, sensitivity, and practical consequences of aggregated digital information. Plaintiff alleges that SORA's collection and publication of online identifiers, electronic mail addresses, and related identifying information present similar concerns involving digital privacy, aggregation, and public exposure.

Plaintiff acknowledges that **Smith v. Doe, 538 U.S. 84 (2003)**, addressed Alaska's sex offender registration scheme in the ex post facto context; however, Plaintiff alleges that Michigan's SORA imposes broader public disclosure, reporting, and enforcement burdens that independently implicate informational privacy, due process, spatial privacy, and family privacy.

Plaintiff alleges that SORA's mandatory publication requirements also burden constitutional protections under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including privacy, liberty, due process, freedom from unreasonable governmental intrusion, and protection against compelled disclosure of personal information.

Plaintiff alleges that SORA also violates Article I, Sections 11 and 17 of the Michigan Constitution by exposing Plaintiff's home, identifying information, electronic or online identifiers, and personal living arrangements to unrestricted public access without individualized judicial process.

Plaintiff further alleges that Michigan courts have recognized the increasingly burdensome and punitive effects of SORA, including in **People v. Betts, 507 Mich. 527 (2021)**, and related Michigan authority addressing the evolution of SORA from a confidential law-enforcement database into a publicly accessible registry with substantial affirmative obligations.

For these reasons, Plaintiff alleges that SORA's public registry provisions and related reporting mandates are not narrowly tailored to any compelling state interest and are unconstitutional as applied to Plaintiff and on their face.

The state of Michigan outlines its core privacy rights in Article I § 11 of the Michigan Constitution

In **Hale v. Henkel, 201 U.S. 43 (1906)**, the Supreme Court affirmed that while corporations (as "creatures of the state") do not have full immunity from investigations, an individual possesses constitutional rights, including the right to refuse to produce private papers that might incriminate them. The Court highlighted that a private individual "owes no duty to the state... to open his doors to an investigation" that may tend to criminate him.
Key takeaways from **Hale v. Henkel, 201 U.S. 43 (1906)** regarding this issue include:

Individual vs. Corporation: The Court drew a clear distinction between a private individual and a corporation. An individual may stand on their Fourth and Fifth Amendment rights against unreasonable searches and self-incrimination.

Private Papers: The ruling protects a person's private books and papers from being forced into evidence to incriminate them, which is often interpreted as the right to not "open their doors" to government fishing expeditions.

Limitation on Power: The Court stated that individuals owe no duty to the state beyond the protection of their life and property, reinforcing the idea that citizens do not have to volunteer information to investigators.

Corporate Exception: The ruling specifically established that an officer of a corporation cannot use this right to refuse to produce corporate books, even if those books incriminate the officer, because the corporation is a creature of the state.

**Hale v. Henkel, 201 U.S. 43 (1906)** is a foundational case for asserting personal constitutional privacy against government action, particularly in the context of resisting broad, sweeping investigations, even though it also created the "collective entity rule" regarding corporate documents.

The U.S. Constitution does not explicitly mention the right to privacy. However, various parts of the Constitution have been interpreted to protect aspects of privacy, including:

First Amendment of the united States of America Constitution: Protects freedom of speech and expression, implying a right to privacy in the context of personal beliefs and speech.

Third Amendment of the united States of America Constitution: Prohibits the forced quartering of soldiers in private homes, suggesting a level of privacy regarding personal property.

Fourth Amendment of the united States of America Constitution: Bars unreasonable searches and seizures, which can be seen as a safeguard against government intrusion into personal spaces.

Fifth Amendment of the united States of America Constitution: Includes the privilege against self-incrimination, which protects personal information from being used against individuals in criminal cases.

Ninth Amendment of the united States of America Constitution: States that the enumeration of certain rights does not mean that other rights not specifically mentioned are not retained by the people, suggesting that privacy may be one of these unenumerated rights

Registered sex offenders retain basic constitutional privacy rights but have significantly reduced rights compared to the general public, particularly concerning public disclosure of information

Every citizen has a right to the protection of the U.S. Constitution, and these fundamental rights extend to all people on American soil, regardless of citizenship status. The Constitution, particularly the Bill of Rights and the 14th Amendment, protects individuals from government interference with rights such as freedom of speech, due process, and equal protection.

Key details regarding Constitutional protection include:

Universal Application: The 14th Amendment protects "any person within its jurisdiction," meaning non-citizens and undocumented individuals are also entitled to due process and equal protection.

Key Protections: These include the right to free speech, freedom of religion, the right to remain silent, and protection against unlawful searches and seizures.
Limitations: Constitutional rights generally protect individuals from government actions (federal, state, or local) rather than actions by private entities.

Exceptions: Some rights, such as voting in federal elections or holding certain public offices, are reserved specifically for U.S. citizens

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws
The Eighth Amendment (Amendment VIII) to the United States Constitution deals with cruel and unusual punishment, prohibiting the federal government from imposing excessive bail, excessive fines, or cruel and unusual punishments. It establishes limits on the treatment of individuals by the justice system, including prisoners.

• ***Core Protection:*** It ensures that punishments are not "barbaric" or disproportionately severe.

• ***Application***: It covers prison conditions, medical neglect, and the use of excessive force by authorities.

• ***Scope:*** While it explicitly limits the federal government, the Supreme Court has interpreted this to apply to state actions as well.

The amendment, adopted in 1791, traces its roots to the English Bill of Rights of 1689
Privacy rights in the Michigan Constitution are primarily located in Article I, Section 11, which protects against unreasonable searches and seizures, including electronic data and communications. Additionally, Article I, Section 24 grants crime victims the right to privacy throughout the criminal justice process.

Key details regarding Michigan privacy rights:
Article I, § 11 (Searches and Seizures): Explicitly protects persons, houses, papers,

possessions, electronic data, and electronic communications from unreasonable searches, requiring probable cause for warrants.

Article I, § 24 (Crime Victims' Rights): Ensures victims are treated with respect for their dignity and privacy.

Statutory Privacy Laws: Beyond the Constitution, Michigan has specific laws like the Preservation of Personal Privacy Act (Act 378 of 1988), which protects records of books, video rentals, and similar materials.

Eavesdropping Laws: Michigan law (MCL 750.539a) prohibits unauthorized recording or surveillance in private places.

These provisions ensure that individuals are protected from government intrusion and, in some cases, private-sector data misuse.
The US Supreme Court has repeatedly ruled that a person's personal information is protected by privacy rights under the US Constitution. Several landmark rulings establish these protections across different contexts, such as digital data, intimate personal records, and associational information.

Key Supreme Court Privacy Cases:
**Carpenter v. United States, 585 U.S. 296 (2018)**: The Court ruled that the government must get a warrant to access sensitive, historical cellphone location data. This information creates a detailed log of a person's movements and daily life. The Court found this data protected by the Fourth Amendment.

**Riley v. California, 573 U.S. 373 (2014)**: The Court held that police must get a warrant before searching the digital data stored on a cell phone during an arrest. The Court stated that modern cell phones contain vast amounts of private personal information.

**Whalen v. Roe, 429 U.S. 589 (1977):** The Court recognized that the Fourteenth Amendment protects an individual's interest in avoiding disclosure of personal matters. This case specifically addressed government databases containing private medical and prescription information.
**Griswold v. Connecticut, 381 U.S. 479 (1965):** The Court established that an implied right to privacy exists within the "penumbras" (shadows) of the Bill of Rights. This case protected the personal, intimate details of married couples.

**NAACP v. Alabama ex rel. Patterson, 357 U.S. 449 (1958)**: The Court ruled that the state could not force the NAACP to reveal its membership lists. It held that compelled disclosure of private personal affiliations can violate the First Amendment right to free association.

**Katz v. United States, 389 U.S. 347 (1967)**: The Court extended Fourth Amendment protections to instances where a person has a "reasonable expectation of privacy". This ruling states that the Fourth Amendment protects people, not just specific physical locations.
The United States Supreme Court has determined that a person's home address is considered personal information carrying a significant, protected privacy interest in cases concerning records, data privacy, and government disclosure.

Key Supreme Court cases and contexts regarding this classification include:
**United States Department of Defense v. Federal Labor Relations Authority, 510 U.S. 487 (1994)**: The Supreme Court ruled unanimously that federal employees have a distinct and significant "privacy interest" in their home addresses. The Court held that the federal Privacy Act of 1974 protects this data from nonconsensual disclosure to third parties, such as labor unions.

**National Archives and Records Administration v. Favish, 541 U.S. 157 (2004)**: While dealing with death scene photographs, the Court broadly affirmed that individuals have a legally recognized, profound "personal privacy interest" in their own identities and whereabouts—including the sanctity of their home space.

**Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989)**: Though fundamentally focused on "rap sheets," this landmark case established the foundational framework that individuals have a measurable privacy interest in practical details about their lives held in government files.

**FCC v. AT&T Inc., 562 U.S. 397 (2011)**: The Court distinguished personal privacy from corporate privacy. It clarified that "personal privacy" under federal open-records law specifically refers to the intimate, personal details associated with real living people—which inherently encompasses identifying information like a home address because these rulings frequently intersect with the Freedom of Information Act (FOIA), the federal government considers a home address as protected under privacy exemptions. Similarly,

the federal court system heavily restricts the inclusion and visibility of home addresses in public judicial filings

The US Supreme Court has consistently ruled that the Constitution is the supreme law of the land and that general "public interest," government convenience, or emergencies cannot supersede it. The Constitution's protections of individual rights and strict limits on government power remain in force even when authorities argue that breaking those rules is better for society.

The defining Supreme Court cases reinforcing this principle include:

**Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579 (1952)** [Supreme Court landmark]: The Court ruled the President could not seize private steel mills to avert a national strike during the Korean War [Supreme Court landmark]. Justice Robert H. Jackson noted that emergency powers cannot be invoked to override the Constitution, as the document's structure was designed to protect liberty during both crisis and calm.

**New York Times Co. v. United States, 403 U.S. 713 (1971)**: The Court rejected the government's attempt to censor the "Pentagon Papers" based on claims of national security and public interest [Supreme Court landmark]. The Court held that vague claims of public harm do not outweigh the heavy presumption against prior restraint of speech guaranteed by the First Amendment.

**Home Building & Loan Ass'n v. Blaisdell, 290 U.S. 398 (1934)**: While allowing a temporary law during the Great Depression, the Court explicitly stated that "emergency does not create power." It established that while public interest can justify temporary economic adjustments, no emergency can suspend constitutional restrictions.

**Ex parte Milligan, 71 U.S. (4 Wall.) 2 (1866)** [Constitution Center]: The Court declared that the Constitution of the United States is a law for rulers and people, equally in war and in peace [Constitution Center]. It ruled that military tribunals could not try civilians in areas where civil courts were open, even during a rebellion, because public necessity does not override constitutional due process.

**Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803)**: The Court established that an act of the legislature repugnant to the Constitution is void. This landmark case cemented the principle that no government action or public policy can override constitutional limit Public

interest does not supersede the Constitution. In the United States, the Constitution is the supreme law of the land. This means that no law, government action, or claim of "public interest" can violate the rights and limits established by the Constitution.

Why the Constitution Prevails Supreme Authority: The Constitution serves as the foundational framework for all government power and individual rights.

No Exceptions: The government cannot bypass constitutional protections simply by arguing that doing so is popular or beneficial for society.

Protection of Minorities: A core purpose of the Constitution is to protect the rights of individuals and minorities from the will of the majority.

How the "Public Interest" Fits in while the public interest does not override the Constitution, it does play a key role in how constitutional rights are applied.

Police Power:
State governments have inherent "police powers" to protect public health, safety, and morals. This allows them to enforce laws (like quarantines or building codes) that limit certain individual actions.

Strict Scrutiny:
If the government creates a law that limits a fundamental constitutional right (such as free speech), courts apply a test called "strict scrutiny". The government must prove the law serves a "compelling state interest" and is the least restrictive way to achieve that goal.

Balancing Tests:
In many areas, courts balance the rights of the individual against the collective needs of the public, but this balancing must happen within constitutional boundaries

## *VI. DISCRIMINATION AND DENIAL OF EQUAL PROTECTION*

Plaintiff alleges that SORA discriminates against Plaintiff and similarly situated persons by creating a public classification based on a category of conviction and by imposing public humiliation, public identification, reporting requirements, and public registry publication on one class of citizens while other criminal offenses are not subjected to the same public registry scheme.

Plaintiff alleges that this unequal treatment violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Michigan Constitution, which provides that no person shall be denied the equal protection of the laws and prohibits discrimination in the exercise of civil or political rights.

Plaintiff further alleges that SORA, MCL § 28.721 et seq., including the public registry provisions of MCL § 28.728 and the criminal penalties of MCL § 28.729, treats Plaintiff differently from persons convicted of other serious crimes, including crimes involving violence, property loss, or loss of human life, without a constitutionally sufficient justification.

Plaintiff relies on **Village of Willowbrook v. Olech, 528 U.S. 562 (2000)**, for the principle that the Equal Protection Clause may be violated when a person is intentionally treated differently from others similarly situated without a rational basis for the difference in treatment.

Plaintiff also relies on **City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432 (1985)**, for the principle that even under rational-basis review, government classifications must be rationally related to a legitimate governmental purpose and may not rest on irrational prejudice, stigma, or arbitrary classification.

Plaintiff acknowledges that **Connecticut Department of Public Safety v. Doe, 538 U.S. 1 (2003)**, addressed procedural due process in the registry context, but Plaintiff alleges that this action raises additional substantive privacy, liberty, equal protection, and discrimination challenges to Michigan's statutory scheme.

Plaintiff alleges that SORA's public registry scheme creates a separate class of citizens publicly labeled and burdened by state law, thereby depriving Plaintiff of equal protection

and equal enjoyment of civil rights secured by the United States Constitution, the Michigan Constitution, and laws enacted under color of state law.

Article I, Section 2 of the Michigan Constitution of 1963 guarantees equal protection of the laws and prohibits discrimination based on religion, race, color, or national origin. This section, found in the Declaration of Rights, mandates that no person shall be denied the enjoyment of civil or political rights.

Key details regarding this provision:

• Equal Protection Clause: "No person shall be denied the equal protection of the laws".

• Discrimination Clause: Protects against discrimination in the exercise of civil or political rights based on religion, race, color, or national origin.

• Legislative Mandate: The Michigan Legislature is required to implement this section through appropriate legislation.

• Context: It operates as an independent, state-level source of equality rights similar to the Fourteenth Amendment of the U.S. Constitution.

Additionally, Article I, Section 17 provides protections against the impairment of due process and fair treatment in investigations.

## *VII. DEPRIVATION OF LIFE, LIBERTY, AND PROPERTY WITHOUT DUE PROCESS*

Plaintiff alleges that SORA deprives Plaintiff of life, liberty, property, privacy, movement, family integrity, employment opportunities, housing opportunities, and personal safety interests without constitutionally adequate process.

The Fifth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, or property without due process of law, and the Fourteenth Amendment applies due process protections against the States.

Article I, Section 17 of the Michigan Constitution likewise protects against deprivation of life, liberty, or property without due process of law.

Plaintiff alleges that SORA, including MCL § 28.725, MCL § 28.728, and MCL § 28.729, deprives Plaintiff of liberty and property interests by compelling reporting, public dissemination, and criminal penalties without individualized consideration of current dangerousness, present risk, or necessity.

Plaintiff relies on **Mathews v. Eldridge, 424 U.S. 319 (1976)**, for the principle that due process requires consideration of the private interest affected, the risk of erroneous deprivation, the value of additional safeguards, and the government's asserted interest.

Plaintiff relies on **Wisconsin v. Constantineau, 400 U.S. 433 (1971)**, for the principle that governmental posting or labeling that damages reputation and alters legal rights or status may require due process protections.

Plaintiff also relies on **Paul v. Davis, 424 U.S. 693 (1976)**, while alleging that SORA involves more than reputation alone because SORA combines public stigma with mandatory reporting duties, public disclosure, criminal penalties, and restrictions affecting Plaintiff's living conditions and daily life.

Plaintiff alleges that because SORA imposes continuing affirmative obligations and

exposes Plaintiff to criminal prosecution for noncompliance, Defendant(s)' enforcement of SORA deprives Plaintiff of protected liberty interests without adequate procedural and substantive due process.

## *VIII. DOUBLE JEOPARDY AND MULTIPLE PUNISHMENT*

Plaintiff alleges that SORA subjects Plaintiff to continuing punishment after Plaintiff has already been convicted and sentenced for the underlying offense, thereby raising concerns under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and the related due process protections of the Fourteenth Amendment.

Plaintiff has been subjected to Double Jeopardy as the Plaintiff has been denied jobs from background checks to which the Plaintiff has been shown on the "Sex Offender Registry" and punished for the same "Crime" that the Plaintiff was punished by the State of Michigan for.

Plaintiff alleges that the denial of jobs following background checks has caused concrete economic harm, including lost employment opportunities, reduced ability to earn income, damage to professional reputation, and continuing stigma arising from Plaintiff's public identification on the "Sex Offender Registry."

Plaintiff alleges that these employment consequences show that SORA operates in effect as additional punishment because the registry continues to burden Plaintiff after Plaintiff has already been punished by the State of Michigan for the same underlying offense.

Plaintiff relies on **Hudson v. United States, 522 U.S. 93 (1997)**, and **Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963)**, for the principle that courts may examine whether a statutory scheme labeled civil is so punitive in purpose or effect that it functions as punishment for constitutional purposes.

Plaintiff also relies on **Smith v. Doe, 538 U.S. 84 (2003)**, because that decision considered whether sex offender registration and publication requirements constituted punishment, and Plaintiff alleges that Michigan's SORA imposes materially greater burdens, including job-denial consequences, public disclosure, in-person reporting, and criminal penalties.

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb," and Plaintiff alleges that SORA's ongoing reporting duties, public branding, public registry publication, and criminal penalties function as additional punishment for the same offense.

Plaintiff alleges that Michigan constitutional protections, including Article I, Sections 15, 16, and 17 of the Michigan Constitution, likewise prohibit multiple punishment, cruel or unusual punishment, and deprivation of liberty without due process of law.

Plaintiff acknowledges that **Smith v. Doe, 538 U.S. 84 (2003)**, held that Alaska's registration statute was civil and nonpunitive for purposes of the Ex Post Facto Clause, but Plaintiff alleges that Michigan's SORA is materially different because it imposes broader public disclosure, in-person reporting, registry publication, and criminal enforcement burdens.

Plaintiff relies on **Hudson v. United States, 522 U.S. 93 (1997)**, for the principle that a civil label does not end the constitutional inquiry where the statutory scheme is so punitive in purpose or effect as to constitute criminal punishment.

Plaintiff relies on **Kansas v. Hendricks, 521 U.S. 346 (1997)**, for the principle that civil regulatory schemes must be examined by their purpose, procedures, and effects when determining whether they constitute punishment for constitutional purposes.

Plaintiff also relies on **People v. Betts, 507 Mich. 527 (2021)**, in which the Michigan Supreme Court held that retroactive application of Michigan's 2011 SORA amendments constituted punishment and violated federal and state constitutional prohibitions on ex post facto laws.

Plaintiff further relies on **Does #1–5 v. Snyder, 834 F.3d 696 (6th Cir. 2016)**, which recognized that Michigan's SORA imposed punitive effects when applied retroactively, including extensive restrictions, reporting obligations, public dissemination, and criminal penalties.

Plaintiff alleges that SORA's continuing restraints, public branding, and threat of additional felony prosecution operate as multiple punishment and therefore violate the Double Jeopardy Clause, due process, and related protections under federal and Michigan law.

Prohibition: The state cannot inflict "cruel or unusual" punishment.
Scope: This applies to both the nature of the punishment and its proportionality to the crime.

Interpretation: The Michigan Supreme Court has held that this includes protecting youth

from mandatory life-without-parole sentences, requiring consideration of their developmental attributes.

Contrast with Federal Law: While similar to the Eighth Amendment of the U.S. Constitution, Michigan's provision can be interpreted to offer broader protections against disproportionate, "cruel or unusual" penalties

Fifth Amendment:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

## *IX. LEGAL ARGUMENT*

SORA's challenged provisions burden Plaintiff's asserted constitutional privacy and liberty interests by compelling the disclosure, collection, maintenance, and public dissemination of sensitive personal information, including residential, employment, vehicle, physical-identifying, and online-identifying information.

As set forth in VI. Violation of Privacy by the Sex Offender Registration Act, Plaintiff alleges that SORA's publication requirements implicate established constitutional privacy principles recognized by the United States Supreme Court, including the interest in avoiding disclosure of personal matters, the substantial privacy interest in home addresses, and modern privacy concerns arising from aggregated digital information.

Plaintiff alleges that SORA infringes protected interests in informational privacy, spatial privacy, family privacy, liberty, and due process under the Fourteenth Amendment to the United States Constitution and Article I, Sections 11 and 17 of the Michigan Constitution.

Because SORA allegedly burdens these protected constitutional interests, Plaintiff contends that the challenged provisions must be narrowly tailored to serve a compelling governmental interest or, at minimum, must satisfy constitutional due process requirements.

Plaintiff alleges that SORA is not narrowly tailored because it mandates public disclosure automatically, without an individualized judicial hearing, individualized risk assessment, or current finding that Plaintiff presents a safety risk to the public.

Plaintiff further alleges that SORA's public registry, reporting requirements, and penalties for noncompliance impose stigma plus tangible state-enforced burdens, thereby depriving Plaintiff of protected liberty interests without constitutionally adequate process.

For these reasons, Plaintiff seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

## X. CLAIMS FOR RELIEF AND PRAYER FOR RELIEF

Based on the foregoing allegations, Plaintiff asserts the following claims for relief: WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant(s), and grant the following relief:

### A. Declaratory Relief

Enter a judgment declaring that the Michigan Sex Offenders Registration Act ("SORA"), MCL § 28.721 et seq., both on its face and as applied to Plaintiff, violates the fundamental right to informational privacy under the Fourteenth Amendment to the United States Constitution and Article I, Section 17 of the Michigan Constitution.

Enter a judgment declaring that SORA's statutory mandates requiring the public online publishing of Plaintiff's residential address, employment details, vehicle information, physical identifiers, and online identifiers violate the Substantive Due Process guarantees of the Fourteenth Amendment to the United States Constitution and Article I, Section 17 of the Michigan Constitution.

Enter a judgment declaring that SORA unconstitutionally infringes upon Plaintiff's rights to spatial and family privacy protected under the Fourteenth Amendment to the United States Constitution and Article I, Sections 11 and 17 of the Michigan Constitution.

### B. Injunctive Relief

Issue preliminary and permanent injunctions enjoining Defendant(s), their officers, agents, servants, employees, attorneys, and all persons acting in concert or participation with them from enforcing the provisions of SORA, MCL § 28.721 et seq., against Plaintiff.

Issue an order directing Defendant(s) to immediately remove Plaintiff's name, photograph, address, employment details, vehicle information, online identifiers, and all identifying personal information from the publicly accessible Michigan Sex Offender Registry database.

Enjoin Defendant(s) from collecting, maintaining, or disseminating Plaintiff's personal online identifiers, vehicle information, or private living arrangements for inclusion in any public registry absent constitutionally adequate process.

## C. Attorney Fees and Costs

Award Plaintiff reasonable attorney fees, court costs, and litigation expenses pursuant to 42 U.S.C. § 1988, or as otherwise allowed by law.

## D. Additional Relief

Grant such other and further legal or equitable relief as this Court deems just, proper, and necessary to protect Plaintiff's constitutional rights.

## CERTIFICATE OF SERVICE

I hereby certify that on September 8 2026, a true and correct copy of the foregoing Complaint for Declaratory and Injunctive Relief was served via First Class Mail upon:

Office of the Attorney General
State of Michigan
G. Mennen Williams Building, 7th Floor
525 W. Ottawa Street
P.O. Box 30212
Lansing, MI 48909

Respectfully submitted,

Williams
Roosevelt Lashawn Williams
Plaintiff, Pro Se

# NOTICE OF CONSTITUTIONAL QUESTION

Date: September 8, 2026

To:
The Honorable Attorney General of the State of Michigan
Office of the Attorney General
State of Michigan
G. Mennen Williams Building, 7th Floor
525 W. Ottawa Street
P.O. Box 30212
Lansing, MI 48909

Re: Notice of Constitutional Challenge to Michigan Sex Offenders Registration Act ("SORA"), MCL § 28.721 et seq.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 5.1 and 28 U.S.C. § 2403(b), Plaintiff in the above-captioned matter hereby files this Notice of Constitutional Question regarding the statutory validity of a state law.

Please take notice that Plaintiff challenges the constitutionality of the Michigan Sex Offenders Registration Act ("SORA"), MCL § 28.721 et seq., including MCL § 28.728 and MCL § 28.729, as set forth in the attached complaint for declaratory and injunctive relief.

This notice is provided because the complaint draws into question the constitutionality of a Michigan statute under the United States Constitution and the Michigan Constitution, including claims involving privacy, due process, equal protection, and alleged punishment-related constitutional protections.

Statute Drawn into Question: The constitutionality of the Michigan Sex Offender Registration Act, codified at MCL § 28.721 et seq., is being challenged and drawn into question in this action.

Constitutional Grounds: Plaintiff draws into question the constitutionality of the Sex Offender Registration Act on the grounds that its provisions—specifically regarding public disclosure, reporting mandates, and registry tracking—violate constitutional protections under the United States Constitution and the Michigan Constitution.

Service: In accordance with Fed. R. Civ. P. 5.1(a)(2), a copy of this Notice, together with a copy of the Complaint, is being served upon the Attorney General of the State of Michigan at the address listed above.

Intervention Period: Pursuant to 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 5.1(c), the Attorney General has sixty (60) days after service of this notice to intervene in this action on behalf of the State to present evidence and argument regarding the constitutionality of the statute.

Respectfully submitted,

R. Williams UCC §1-308

Roosevelt Lashawn Williams
Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, a true and correct copy of the foregoing Notice of Constitutional Question, along with a copy of the Complaint, was served via First Class Mail upon:

Office of the Attorney General
State of Michigan
G. Mennen Williams Building, 7th Floor
525 W. Ottawa Street
P.O. Box 30212
Lansing, MI 48909

R. Williams UCC §1-308

Roosevelt Lashawn Williams

ROOSEVELT L. WILLIAMS
c/o 554 BOYNTON AVE
BENTON HARBOR MI (49022)
Under Necessity

CPU

U.S. POSTAGE IMI
$3.72
FCMF RDC 99
Orig: 49015
Dest: 49503
09/08/26
2000051501
S2324K505244
8W
02

UNITED STATES DISTRICT COURT
CLERK OF THE COURT
339 FEDERAL BUILDING
110 MICHIGAN STREET NORTH WEST
GRAND RAPIDS MI 49503